UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY FLOW-SUNKETT,<br><br>        Plaintiff,<br><br>    vs.<br><br>RALPH DIAZ, et al.,<br><br>        Defendants. | 1:19-cv-01528-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT'S ORDER**<br>**(ECF No. 3.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

## I.    BACKGROUND

Brittney Flow-Sunkett ("Plaintiff") is proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The original Complaint was filed on June 12, 2019, as case number 1:19-cv-00816-GSA-PC ("19-816"). (Court docket.) On July 11, 2019, co-plaintiffs Glenn Sunkett and Brittney Flow-Sunkett, husband and wife, filed the First Amended Complaint in case 19-86. (Case 19-816, ECF No. 13.)

On October 29, 2019, the court issued an order severing the co-plaintiffs' claims and opening the present case for Plaintiff Brittney Flow-Sunkett ("Flow-Sunkett"). (ECF No. 3.) Glenn Sunkett remained as the sole plaintiff in case 19-816. The co-plaintiffs were ordered to

each file a Second Amended Complaint in their own cases within thirty days. (ECF No. 3.) Plaintiff Flow-Sunkett was also ordered to either pay the filing fee for this case, or submit an application to proceed *in forma pauperis* within thirty days. The thirty-day time period has passed and Plaintiff Flow-Sunkett has not filed a Second Amended Complaint, nor paid the filing fee, and has not submitted an application to proceed *in forma pauperis*, or otherwise responded to the court's order.

## II. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since June 12, 2019. Plaintiff's failure to comply with the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not comply with the court's order to file a Second Amended Complaint or resolve the payment of the filing fee in her case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file the Second Amended Complaint and resolve the payment of the filing fee that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is

proceeding *pro se* and has not paid the filing fee for this action, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that:

1. This case be DISMISSED, without prejudice, based on Plaintiff's failure to comply with the court's order issued on October 29, 2019; and
2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 16, 2019**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE